IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **MARK SHREWSBURY,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | **Case No. 5:25-cv-139** |
| § | |
| **PRECISION TECHNICAL SERVICES,** § | |
| **LLC AND KARL IVY KUYKENDALL,** § | |
| **INDIVIDUALLY,** § | |
| § | |
| **Defendants.** | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Mark Shrewsbury ("Shrewsbury") brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. For cause of action, he respectfully shows as follows:

### I. NATURE OF SUIT

1. Defendants have violated the FLSA by failing to pay Shrewsbury, a non-exempt laborer, in accordance with the guarantees and protections of the FLSA. Defendants refused to pay Shrewsbury at time-and-one-half his regular rate of pay for all overtime hours worked between 40 hours and 45 hours per week. Defendants' attempted modification of the FLSA to give themselves a five hour exemption from overtime premiums was a knowing and willful violation of the FLSA.

### II. PARTIES

2. Plaintiff Mark Shrewsbury is an individual residing in Bexar County, Texas.

3. Precision Technical Services, LLC is a Texas limited liability company that employed Shrewsbury.

4. Precision Technical Services, LLC's registered agent for service of process is Kimberly L. Kuykendall, and she may be served at 5836 County Rd 1137, Leonard Texas 75452, or wherever else he may be found.

5. At all times relevant to this claim, Precision Technical Services, LLC was an employer of Shrewsbury as defined by 29 U.S.C. §203(d).

6. Karl Ivy Kuykendall is an individual who is the owner of Precision Technical Services, LLC, and he may be served at 5836 County Rd 1137, Leonard Texas 75452, or wherever else he may be found.

7. Karl Ivy Kuykendall individually employed Shrewsbury.

8. Karl Ivy Kuykendall was an employer of Shrewsbury as defined by 29 U.S.C. §203(d).

9. Karl Ivy Kuykendall acted both on his own behalf and directly or indirectly in the interest of Precision Technical Services, LLC in relation to Shrewsbury's employment.

10. Karl Ivy Kuykendall, on his own behalf and directly or indirectly in the interest of Precision Technical Services, LLC, exercised managerial responsibilities and substantial control over Shrewsbury as well as all other employees of Precision Technical Services, LLC.

11. Karl Ivy Kuykendall, on his own behalf and directly or indirectly in the interest of Precision Technical Services, LLC, exercised managerial responsibilities and substantial control over the terms and conditions of Shrewsbury's employment, as well as all other employees of Precision Technical Services, LLC.

12. Karl Ivy Kuykendall, on his own behalf and directly or indirectly in the interest of Precision Technical Services, LLC, had and exercised his authority to hire, fire and direct Shrewsbury as well as all other employees of Precision Technical Services, LLC.

13. Karl Ivy Kuykendall, on his own behalf and directly or indirectly in the interest of Precision Technical Services, LLC, had and exercised his authority to supervise and control the employment relationships and work schedules of Shrewsbury as well as all other employees of Precision Technical Services, LLC.

14. Karl Ivy Kuykendall, on his own behalf and directly or indirectly in the interest of Precision Technical Services, LLC, had and exercised his authority to set and determine the rate and method of pay of Shrewsbury as well as all other employees of Precision Technical Services, LLC.

15. Karl Ivy Kuykendall, on his own behalf and directly or indirectly in the interest of Precision Technical Services, LLC, had and exercised his authority to decide whether Shrewsbury, as well as employees of Precision Technical Services, LLC received overtime compensation for hours worked above 40 per week.

16. Karl Ivy Kuykendall, on his own behalf and directly or indirectly in the interest of Precision Technical Services, LLC, also kept and maintained employment records for Shrewsbury as well as all other employees of Precision Technical Services, LLC.

## III. JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction in this matter because Plaintiff asserts claims arising under federal law. Specifically, Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

18. Venue is proper in the Western District of Texas, San Antonio Division, as all or a substantial part of the events forming the basis of this suit occurred in and around various locations and worksites within this judicial district where Shrewsbury performed work for Defendants. Defendants are subject to this Court's personal jurisdiction with respect to this civil action. Defendants thus reside

in this district and division. 28 U.S.C. §1391(c). Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

19. At all relevant times, Defendants have, jointly or individually, acted, directly or indirectly, in the interest of an employer with respect to Shrewsbury.

20. At all relevant times, Defendants have, jointly or individually, been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

21. At all relevant times, Defendants have been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

22. At all relevant times, Defendant Precision Technical Services, LLC has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that each enterprise has had and does have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

23. At all times hereinafter mentioned, Shrewsbury was an individual "employee" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

24. As an employee of Defendants, Shrewsbury handled items such as cell phones, yard and lawn maintenance tools, cleaning and pest removal chemicals, as well as other items that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

## V.  FACTUAL ALLEGATIONS

25. Defendants operate a construction company performing work in and around various sites across Texas.

26. Beginning in 2019, Defendants employed Mr. Shrewsbury as an hourly ground hand.

27. Defendants paid Mr. Shrewsbury on an hourly basis, and Mr. Shrewsbury consistently worked more than 45 hours per week.

28. However, Defendants only paid overtime premiums to its hourly employees, including Mr. Shrewsbury, **after** they worked more than 45 hours in a workweek.

29. In other words, Defendants only paid Mr. Shrewsbury straight time for hours 40-45 in each workweek.

30. During all times relevant to this action, Shrewsbury was non-exempt.

31. Defendants were fully aware of their obligations to pay overtime compensation to non-exempt employees such as Shrewsbury.

32. Defendants purposefully ignored their obligations to pay overtime compensation to non-exempt employees such as Shrewsbury.

33. Defendants have knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation to Shrewsbury.

## VI.  CAUSE OF ACTION:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

34. Shrewsbury incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

35. During the relevant period, Defendants have violated Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees, including Shrewsbury, in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours, without compensating such employees, including Shrewsbury, for all work in excess of 40 hours per week at rates no less than one-and-one-half times the regular rate for which such employees, including Shrewsbury, were employed. Defendants have acted willfully in failing to pay its non-exempt employees, including Shrewsbury, in accordance with applicable law.

## VII.  PRAYER FOR RELIEF

WHEREFORE, cause having been shown, upon final hearing of this cause, Shrewsbury prays for judgment against Defendants Precision Technical Services, LLC and Karl Ivy Kuykendall, individually, jointly and severally, as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Shrewsbury and for liquidated damages equal in amount to the unpaid compensation found due to Shrewsbury;

b. For an Order awarding Shrewsbury the taxable costs and allowable expenses of this action;

c. For an Order awarding Shrewsbury attorneys' fees;

d. For an Order awarding Shrewsbury pre-judgment and post-judgment interest at the highest rates allowed by law;

e. For an Order awarding Shrewsbury declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. and

  f. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

          Respectfully Submitted,

          **WELMAKER LAW, PLLC**
          409 N. Fredonia, Suite 118
          Longview, Texas 75601
          Tel: (512) 499-2048

          By: */s/ Douglas B. Welmaker*
            Douglas B. Welmaker
            Texas State Bar No. 00788641
            doug@welmakerlaw.com

          **ATTORNEY FOR PLAINTIFF**